FILED

2017 Jul-21  PM 02:11
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **PROCTORU, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **2:17-cv-00926-AKK** |
| **TM3 SOFTWARE GMBH,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

ProctorU, Inc., an "online proctoring service that allows students to take exams online while ensuring the integrity of the exam for the institution," doc. 1-1 at 11, entered into an agreement with TM3 Software GMBH for the use of software developed by TM3 known as "KeyTrac," which purportedly "confirms the identity of an individual taking an online test based on that individual's manner of typing on a keyboard." *Id.* at 13–14. The parties' dispute centers, in part, on the 140 character pre-test typing sample ProctorU uses to "obtain a keystroke biometric score." *Id.* at 13. According to ProctorU, "[i]t is crucial for KeyTrac to accurately identify test-takers at [the 140 character threshold] because a failure to do so makes it difficult for ProctorU to solicit business." *Id.* at 14. Although TM3 allegedly knew about the significance of the pre-test character limit prior to entering into the agreement, TM3 provided software that could not achieve a satisfactory level of accuracy, even with a 280 character threshold. *See id.* at 16.

As a result, ProctorU asserts claims for breach of contract (Count I), fraud (Count II), and fraudulent inducement (Count III) against TM3. *See id.* at 20–21.

Presently before the court is TM3's motion to dismiss for *forum non conveniens* based on a forum selection clause stating that "[t]he exclusive place of jurisdiction for all disputes directly or indirectly resulting from the contractual relationship shall be the district court of Munich, Germany,"[1] *id.* at 37, or, alternatively, for lack of personal jurisdiction. *See* doc. 2 at 2.  The motion is fully briefed, docs. 2; 8; 10; 11, and ripe for review.  Because, as explained below, the selection clause is valid and enforceable, the motion is due to be granted, and the court will not address TM3's alternative contention.

The "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system, and should be given controlling weight in all but the most exceptional cases." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 31, 33 (1988); *see also Slater v. Energy Servs. Group Int'l*, 634 F.3d 1326, 1331 (11th Cir. 2011) ("Mandatory forum-selection clauses are presumptively valid and enforceable absent a strong showing that enforcement would be unfair or unreasonable under the circumstances.") (internal quotation marks and citations omitted).  Thus, a

---

[1] "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. United States Dist. Court*, 134 S. Ct. 568, 580 (2013).

district court should only invalidate a forum-selection clause when: "(1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009) (citations omitted).

In an effort to avoid the forum selection clause, ProctorU raises two primary points: that the clause is invalid because it was "procured by fraud," doc. 10 at 2, and because "German law is wholly different from American law, and its application in this case would be fundamentally unfair to ProctorU," *id.* at 6. As to the latter point, ProctorU states that "[t]rial by jury is not available under German law," "German law also does not recognize or allow for the recovery of punitive damages," and "German law does not provide litigants with the ability to conduct discovery to any extent comparable to that of the American legal system." Doc. 10 at 6. These contentions are unavailing, because courts "will not invalidate choice clauses . . . simply because the remedies available in the contractually chosen forum are less favorable than those available in the courts of the United States," *Lipcon*, 148 F.3d at 1297. Also, even if Germany uses a more restrictive discovery process, no reason exists to conclude that the German system would prevent ProctorU from proving its claims. Indeed, courts have rejected similar arguments

made in challenges to arbitration clauses.  *See, e.g.*, *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 31 (1991) ("[Plaintiff] . . . complains that the discovery allowed in arbitration is more limited than in the federal courts, which he contends will make it difficult to prove discrimination.  . . .  [T]here has been no showing in this case that the [applicable] discovery provisions . . .  will prove insufficient to allow ADEA claimants such as [plaintiff] a fair opportunity to present their claims."); *Caley v. Gulfstream Aero. Corp.*, 428 F.3d 1359, 1378 (11th Cir. 2005) (arbitration clause not unconscionable simply because it "limits discovery by allowing the taking of depositions only if authorized by the arbitrator").

Next, as to the alleged fraud in the inducement, ProctorU asserts that, "in a direct effort to induce ProctorU into agreeing to TM3's proffered choice of law and venue provisions favoring Germany," TM3's Managing Director, Dr. Thomas Wolfl, told ProctorU's then-Chief Executive Officer that "the agreement must be governed by German law," because TM3's investor "is the state of Bavaria," and "[t]hey will not agree to an exclusive license contract based on US law."  Doc. 10 at 4.  Purportedly, Dr. Wolfl "did not disclose that the state of Bavaria owns only an unquantified interest in one of TM3's seven investors and that through its ownership of that investment company, the state of Bavaria has only an indirect, minority 10% interest in TM3."  *Id.* at 4–5.  ProctorU adds that, "had TM3 not misrepresented Bavaria's investment, and had ProctorU known the truth, ProctorU

would not have agreed to the German choice of law and venue provisions." *Id.* However, stating that the state of Bavaria was TM3's investor is not tantamount to a representation that the state of Bavaria was the "sole" investor, as ProctorU suggests, *see id.* at 5, or that Dr. Wolfl lied when he represented that the state of Bavaria insisted on an agreement governed by German law.  In any event, ProctorU bore an obligation to engage in due diligence prior to agreeing to the contract terms, including the choice of law and forum selection clauses. ProctorU's failure to ascertain the extent of TM3's investors or whether they would agree to litigation in non-German courts is not an adequate basis for setting aside the forum selection provisions.

For these reasons, the court concludes that the forum selection clause is valid and enforceable, and TM3's motion to dismiss for *forum non conveniens*, doc. 2, is **GRANTED**.  Accordingly, this action is **DISMISSED** without prejudice.  The motions for discovery and to continue the deadlines for the Rule 26(f) report and initial disclosures, docs. 6 & 12, are **MOOT**.  The Clerk is **DIRECTED** to close this file.

**DONE** the 21st day of July, 2017.

                                                         **ABDUL K. KALLON**
                                       UNITED STATES DISTRICT JUDGE